IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:  E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION | CASE NO. 2:13-md-2433 <br><br> JUDGE EDMUND A. SARGUS, JR. <br><br> MAGISTRATE JUDGE ELIZABETH P. DEAVERS |
| This document relates to: | ***David and Sheila Washington v. E. I. du Pont de Nemours and Company*, Case No. 2:24-cv-00331** |

## ABBREVIATED ANSWER OF
## E. I. DU PONT DE NEMOURS AND COMPANY

Pursuant to Section III of Case Management Order No. 3 and Case Management Order No. 3-A, Defendant E. I. du Pont de Nemours and Company ("EIDP"), by and through its undersigned counsel, hereby answers and avers in response to the Complaint of Plaintiffs David and Sheila Washington (the "Complaint") as follows:

### FIRST DEFENSE

For its First Defense to the Complaint, EIDP admits that it is a Delaware corporation with its principal place of business in Indianapolis, Indiana, and that it owned and operated a manufacturing facility in Wood County, West Virginia known as "Washington Works," until July 2015, but expressly denies all other allegations set forth in the Complaint, including those for which it lacks information or knowledge sufficient to form a belief as to their truth.

## ADDITIONAL DEFENSES

As additional defenses to the Complaint, EIDP asserts and incorporates herein the following:

## SECOND DEFENSE

Plaintiffs' Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or laches.

## FOURTH DEFENSE

Plaintiffs' damages, if any, were proximately caused by acts of God and/or by intervening and/or superseding actions of others, over which EIDP had no control.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine(s) of waiver and/or estoppel.

## SIXTH DEFENSE

Pursuant to the Class Action Settlement Agreement in *Jack W. Leach, et al. v. E. I. du Pont de Nemours and Company*, Civ. No. 01-C-608 (Cir. Ct. Wood Co. W. Va.), entered into by EIDP and the *Leach* class members, Plaintiffs' claims, to the extent that Plaintiffs are class members, are barred by res judicata, the Full Faith and Credit Clause of the United States Constitution, and/or estoppel from obtaining various forms of relief sought in the Complaint.

### SEVENTH DEFENSE

To the extent that Plaintiffs are class members, Plaintiffs are barred from obtaining the relief, in whole or in part, sought in the Complaint because Plaintiffs, as a Settling Party to the Class Action Settlement Agreement in *Jack W. Leach, et al. v. E. I. du Pont de Nemours and Company*, Civ. No. 01-C-608 (Cir. Ct. Wood Co. W. Va.), released various claims against EIDP arising from EIDP's use of C8 at Washington Works, and/or has already obtained relief and/or received consideration for such release.

### EIGHTH DEFENSE

Any damages alleged by Plaintiffs in the Complaint were proximately caused in whole or in part by persons or entities other than EIDP and over whom EIDP had no control.

### NINTH DEFENSE

Whatever damages Plaintiffs may have suffered, if any, were not reasonably foreseeable by EIDP at the time of the conduct alleged.

### TENTH DEFENSE

The alleged damages, if any, to which Plaintiffs may be entitled must be reduced in proportion to the comparative and/or contributory fault or negligence of other parties and/or actors.

### ELEVENTH DEFENSE

Plaintiffs have failed to mitigate Plaintiffs' damages, if any.

### TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed a risk and/or was contributorily negligent.

**THIRTEENTH DEFENSE**

EIDP did not violate any duty or obligations owed to Plaintiffs.

**FOURTEENTH DEFENSE**

There is no proximate cause between Plaintiffs' alleged damages and injuries and any act or omission by EIDP.

**FIFTEENTH DEFENSE**

EIDP neither knew, nor should have known, that any of the substances to which Plaintiff Washington was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific and/or industrial knowledge available to EIDP at all times relevant to the claims or causes of action asserted by Plaintiffs.

**SIXTEENTH DEFENSE**

EIDP did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

**SEVENTEENTH DEFENSE**

EIDP has complied with all applicable statutes and regulations set forth by local, state and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, to the extent that consideration is given to Plaintiffs' claims, punitive damages are unwarranted in law and fact.

**EIGHTEENTH DEFENSE**

To allow Plaintiffs to recover exemplary or punitive damages from EIDP as alleged and sought in the Complaint would deprive EIDP of its constitutional rights to substantive and procedural due process of law and to equal protection under the law, which rights are guaranteed

4

by the Fifth and Fourteenth Amendments to the United States Constitution and by the Constitution of West Virginia.

### NINETEENTH DEFENSE

To allow Plaintiffs to recover from EIDP exemplary or punitive damages would deprive EIDP of its constitutional rights under the Eighth Amendment to the United States Constitution and under the Constitution of West Virginia, which prohibit the imposition of an excessive fine.

### TWENTIETH DEFENSE

Punitive damages are not available because all conduct and activities of EIDP related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed at the time or times that Plaintiff Washington is alleged to have been exposed.

### TWENTY-FIRST DEFENSE

Punitive damages are not available because EIDP neither knew nor should have known that the substances to which Plaintiff Washington was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and EIDP therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate EIDP's constitutional right to due process.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims violate the due process provision of the U.S. Constitution and the correlative provisions of the Constitution of West Virginia to the extent that they seek to deprive EIDP of procedural and substantive safeguards, including traditional defenses to liability and punitive damages.

5

### TWENTY-THIRD DEFENSE

Plaintiffs lack standing to assert, in whole or in part, the claims and the demands for relief in the Complaint.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred by accord and satisfaction and/or release.

### TWENTY-FIFTH DEFENSE

To the extent that Plaintiffs are class members, Plaintiffs are barred from obtaining the relief, in whole or in part, sought in the Complaint to the extent the Complaint includes claims or seeks relief which were not originally pled in the class action in *Jack W. Leach, et al. v. E. I. du Pont de Nemours and Company*, Civ. No. 01-C-608 (Cir. Ct. Wood Co. W. Va.) as certified.

### TWENTY-SIXTH DEFENSE

Plaintiffs have failed to plead a valid claim for breach of duty, negligence, concealment, and fraud.

### TWENTY-SEVENTH DEFENSE

Plaintiffs failed to adequately plead and/or allege the requisite relationship with EIDP that could give rise to a claim based upon an alleged misrepresentation, concealment, and/or fraud.

### TWENTY-EIGHTH DEFENSE

Plaintiffs have failed to plead fraud with sufficient particularity, have failed to plead a misrepresentation or concealment that Plaintiffs relied on, and have further failed to state a claim for fraud upon which relief can be granted.

## TWENTY-NINTH DEFENSE

EIDP is entitled to all of the procedural, substantive and other protections, caps and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages.

## THIRTIETH DEFENSE

Plaintiffs have failed to adequately plead and/or allege that EIDP made any representations to Plaintiffs that would form the basis of a claim for negligent misrepresentation.

## THIRTY-FIRST DEFENSE

Plaintiffs have failed to adequately plead and/or allege that EIDP acted with the requisite state of mind to warrant an award of punitive damages.

## THIRTY-SECOND DEFENSE

Plaintiff has failed plead a valid claim for negligent infliction of emotional distress or punitive damages.

## THIRTY-THIRD DEFENSE

Plaintiffs have failed to adequately plead and/or allege that Plaintiffs suffered a fear of real physical harm that could give rise to a claim for intentional and/or negligent infliction of emotional distress.

## THIRTY-FORTH DEFENSE

Plaintiffs have failed to adequately plead and/or allege that EIDP engaged in conduct and/or acted with the requisite state of mind to form the basis of a claim for intentional infliction of emotional distress.

**THIRTY-FIFTH DEFENSE**

Plaintiffs have failed to adequately plead and/or allege that Plaintiffs suffered the requisite level of mental anguish to support a claim for intentional or negligent infliction of emotional distress.

**THIRTY-SIXTH DEFENSE**

Plaintiffs have failed to adequately plead and/or allege that EIDP owed and/or breached a duty to Plaintiffs.

**THIRTY-SEVENTH DEFENSE**

EIDP is entitled to all of the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages, including but not limited to state tort reform measures and statutes that, although not affirmative defenses, preclude or limit Plaintiffs' ability to pursue compensatory and punitive damages, limit the amount of damages available, and/ or provide procedural requirements and protections to a defendant.

**THIRTY-EIGHTH DEFENSE**

EIDP is entitled to all of the procedural, substantive, and other protections, caps, and limitations provided by the state statutes and other state and federal law regarding Plaintiffs' claims for compensatory and punitive damages, including but not limited to all applicable workers' compensation statutes that preclude or limit Plaintiffs' ability to pursue compensatory and punitive damages in this forum.

**THIRTY-NINTH DEFENSE**

Plaintiffs' have failed to plead a valid claim for loss of consortium.

**FORTIETH DEFENSE**

Plaintiffs' claims fail because of insufficient process and insufficient service of process.

**FORTY-FIRST DEFENSE**

EIDP expressly reserves the right to challenge personal jurisdiction after having learned more about the facts underlying the claims and the location and scope of relevant events and contacts with the forum, particularly to the extent the relevant facts are inconsistent with representations from Plaintiffs' sworn Plaintiff Fact Sheet.

**FORTY-SECOND DEFENSE**

EIDP expressly reserves the right to amend its Answer and/or to assert and pursue additional affirmative and other defenses and/or counterclaims should discovery or future developments reveal the basis for any such amendments, claims, or defenses.

WHEREFORE, EIDP respectfully requests that the Complaint be dismissed with prejudice in its entirety, that Plaintiffs recover nothing from EIDP, that EIDP be awarded its litigation costs and expenses, and that the Court order such other relief in favor of EIDP as it deems just and proper.

**JURY DEMAND**

EIDP demands a trial by a jury on all issues in Plaintiffs' Complaint so triable.

Respectfully submitted,

*s/ Jesse L. Taylor*
Jesse L. Taylor (0088209) (Trial Attorney)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215

Telephone: (614) 365-2700
Fax: (614) 365-2499

Nathan A. Leber (0090770)
SQUIRE PATTON BOGGS (US) LLP
100 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8500
Fax: (216) 479-8780

*Attorneys for EIDP, Inc. (f/k/a E. I. du Pont de Nemours and Company)*

**CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on this 2nd day of April, 2024, and accordingly served automatically upon all counsel of record for this matter.

                                           *s/ Jesse L. Taylor*
                                           Jesse L. Taylor (0088209)
                                           Attorney for Defendant